UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLIFTON A. SHOCKLEY,<br>Plaintiff,<br><br>v.<br><br>SWEET, et. al.,<br>Defendants. | Case No. 24-11462<br>Honorable Shalina D. Kumar |

**OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, (2) PERMITTING PLAINTIFF TO FILE AN AMENDED COMPLAINT (ECF Nos. 16, 17) AND (3) DIRECTING THAT THE CASE BE REFERRED TO THE PRISONER MEDIATION PROGRAM**

Clifton A. Shockley, ("Plaintiff"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On November 21, 2024, the complaint was dismissed without prejudice, because the complaint as written failed to adequately state a claim for relief under 42 U.S.C. § 1983. The Court specifically found that Plaintiff's claims that his property was confiscated and destroyed by prison officials and that his grievances had been wrongly denied failed to state a claim for relief. The Court did note that Plaintiff's claim that his property was taken for a retaliatory purpose potentially stated a claim for relief but dismissed this claim because Plaintiff failed to allege that he engaged in any constitutionally protected conduct, or that Defendant Sweet's alleged confiscation or destruction of his property was

motivated at least in part by the exercise of such conduct. The Court gave Plaintiff time to file an amended complaint which adequately plead a retaliatory motive for the confiscation of his property. ECF No. 6.

Plaintiff has filed what appear to be two identical amended complaints. In these complaints, he alleges that Defendants Sweet, Clemmons, Reeves, Parsons, and Schirmer confiscated his property in retaliation for Plaintiff filing a grievance against Defendant Sweet. ECF Nos. 16, 17.

This Court must first reopen Plaintiff's case before he can submit an amended complaint. *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008). "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Id.* (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). Therefore, unless post-judgment relief is granted, a district court does not have the power to grant a motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a). *Id.*

Thus, because the Court in its previous order specifically stated he could file an amended complaint that sufficiently alleged a retaliatory

motive for the destruction of his property, the Court will reopen the case to the Court's active docket.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases, ... [t]he court should freely give leave [to amend] when justice so requires." A district court can allow an inmate to amend his or her complaint even when the original complaint might be subject to dismissal under the PLRA's screening requirements for prisoner and *in forma pauperis* (IFP) suits. See *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

"A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The Sixth Circuit has noted that a number of circuit courts "have held that confiscating an inmate's legal papers and other property constitutes sufficient injury to support a First Amendment retaliation claim," *Bell v. Johnson*, 308 F.3d 594, 604 (6th Cir.

2002)(collecting cases), and the Sixth Circuit "previously suggested in dicta that a retaliatory cell search and seizure of an inmate's legal documents satisfies the adverse action prong of the *Thaddeus-X* test," *id.* (citing *Walker v. Bain*, 257 F.3d 660, 664 (6th Cir. 2001)). Plaintiff has sufficiently alleged that these defendants had a retaliatory motive for confiscating his property.

Accordingly, the Clerk of Court is **DIRECTED** to reopen this case to the Court's active docket. The Court **GRANTS** Plaintiff leave to file an amended complaint with respect to this claim, and the most recent amended complaint, ECF No. 17, will be operative. **IT IS ORDERED** that Plaintiff's retaliation claim is referred to the Prisoner Mediation Program for a possible resolution of the claim.

**IT IS SO ORDERED**.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 18, 2026